IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02990–MSK–KMT

KHALED ALATTAR,

    Plaintiff,

v.

AARON BELL,
CHRISTOPHER BELL,
RACHEL BELL and
WILLIAM BELL,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Renewed Motion for Protective Order." (Doc. No. 36, filed Mar. 13, 2014.)  Plaintiff's Response was filed on March 18, 2014 (Doc. No. 42) and Defendants' Reply (Doc. No. 49) was filed on March 26, 2014.  For the following reasons, Defendants' Motion is GRANTED in part.

Defendants seek to have the court enter a revised blanket protective order governing the disclosure of confidential information during the course of discovery.  (*See* Mot., Ex. A [Prot. Order].)  Defendants original Motion for Protective Order (Doc. No. 25) was denied because the attached protective order did not include a mechanism by which a party could challenge the designation of information as confidential, pursuant to *Gillard v. Boulder Valley School Dist.*,

196 F.R.D. 382 (D. Colo. 2000). Defendants' revised Protective Order now complies with this aspect of *Gillard.* (Prot. Order ¶ 3.)

The court is not persuaded by Plaintiff's objections to entering the Protective Order. First, to the extent Plaintiff argues that a protective order would prevent him from sharing discovery with "federal authorities," or using documents produced here in a related Texas state court lawsuit, this case is <u>not</u> an appropriate mechanism for gathering information for purposes other than preparing and trying, or settling, the instant matter. *See Gillard,* 196 F.R.D. at 387 ("Civil discovery is a device to allow parties to obtain information for the purpose of preparing and trying a lawsuit. . . . [A] party has no right to make unrestricted disclosure of the information obtained through discovery."); *Seattle Times Co v. Rhinehart,* 467 U.S. 20, 34 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes").

Second, to the extent Plaintiff argues that he may need to disclose confidential documents to his experts, the proposed Protective Order specifically allows this, provided that the experts agree to maintain the confidentiality of those documents. (Prot. Order ¶¶ 1(B), 7.)

Third, Plaintiff argues that some of the documents Defendants will seek to designate as "confidential" under the Protective Order were already produced in the Texas lawsuit without any confidentiality designation. Standing alone, however, this fact does not preclude the entry of a protective order. The proposed Protective Order not only requires the designating party to make confidential designations in good faith, it also includes a mechanism for the opposing party to challenge improperly designated documents. Thus, to the extent that Plaintiff believes any of

Defendants' putative "confidential" designations are improper, he may challenge them pursuant to procedures outlined in the Protective Order.[1]

Despite overruling Plaintiff's objections, the court cannot approve the proposed Protective Order in its current form. The Protective Order defines "Confidential Information" as "any information produced by the parties during the course of discovery that is not generally known by or disclosed to the public." This definition is plainly overbroad; it would allow completely innocuous information or documents to be designated as "confidential" simply because they have not entered the public domain. Therefore, this definition will not be countenanced by the court. Instead, the court will modify the proposed Protective Order to define "Confidential Information" as "information that implicates common law and statutory privacy interests." This more restrictive definition has commonly been approved in this District and is well-suited to the circumstances of this case. *See, e.g., Fourhorn v. City & Cnty. of Denver,* 261 F.R.D. 564, 568 (D. Colo. 2009); *Estate of Rice v. City and Cnty. of Denver,* No. 07-cv-01571-MSK-BNB, 2008 WL 2228702, at *4 n.2 (D. Colo. May 27, 2008).

Finally, and in a related vein, the court is somewhat skeptical about the categories of documents Defendants believe are confidential. Although the court has not reviewed any specific documents at this juncture, it is dubious that Defendants would be harmed by unfettered

---

[1] Plaintiff also argues that the Protective Order will be used "to hamstring [his] ability to present matters to this court." Additionally, he expresses concern that he might be subject to sanctions for violations of the Protective Order if he is unable to show that he was not the source of purportedly confidential documents already in the public domain. As to the first argument, the Protective Order <u>will not</u> control the presentation of confidential documents to the court; Local Rule 7.2 governs restriction of documents filed with the court. *See* D.C.COLO.LCivR 7.2(c)(2). Plaintiff's latter concern is a red herring. The court agrees with Defendants that the designating party will bear the burden of proving a violation of the Protective Order; it will not be the receiving party's obligation to disprove a violation.

disclosure of their personal correspondence, correspondence with a financial advisor, or correspondence related to commercial activity.  *See Fourhorn,* 261 F.R.D. at 568.  And, while the fact that Defendants anticipate producing financial records constitutes good cause for entering the Protective Order, *see Gillard,* 196 F.R.D. at 386, the court is skeptical that financial records will warrant <u>categorical</u> protection.

Ultimately, the court need not resolve these concerns at this time because, again, the Protective Order provides a mechanism for dispelling any unwarranted or overreaching designations.  The parties are advised, however, that they will be held strictly to the Protective Order's requirement that discovery materials be designated as "confidential" in good faith.

Therefore, it is

ORDERED that Defendants' Renewed Motion for Protective Order" (Doc. No. 36) is GRANTED in part.  The Clerk of Court is directed to modify and enter the proposed Protective Order (Doc. NO. 36-1) in a manner consistent with this Order.

Dated this 6th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge