IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 1:13-cv-02990-MSK-KMT

KHALED ALATTAR,

    Plaintiff,

v.

AARON BELL, CHRISTOPHER BELL,
RACHEL BELL, and WILLIAM BELL,

    Defendants.

## PROTECTIVE ORDER

Defendants have moved for entry of an Order pursuant to Fed. R. Civ. P. 26(c)(1), that confidential information be disclosed only in a designated way (the "Motion"). Doc. #_. This Court, having considered the Defendants' Motion and all responses and replies thereto, if any, and for good cause shown, hereby **GRANTS** Defendant's Motion in all respects.

**IT IS HEREBY ORDERED:**

1. <u>Confidential Information - Defined</u>: Information that implicates common law and statutory privacy interests. Any matter designated by a party as "confidential" may only be disclosed to the following persons:

    A. The parties to this action, attorneys of record for the parties in this action, and the staff of their respective law firms;

    B. Experts or consultants hired by or consulted by such attorneys in connection with this case, but only so long as the expert or consultant agrees to the restrictions set forth herein by signing an Acknowledgment of Protective Order in the form attached hereto;

    C. Persons noticed for deposition or designated as trial witnesses, to the extent necessary for the preparation of the person's testimony in this case provided that documents will not be shown to witnesses who are not employees of the

     producing party (or otherwise within the categories of persons to whom disclosure may be made) except during depositions with prior notice and consent during the deposition by counsel for the producing party;

  D. The Court and Court personnel; and

  E. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

  2. Any party from time to time may designate as "confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential information or undue invasion of privacy.

  3. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on

the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

4.     To the extent feasible, all confidential information shall be stamped "CONFIDENTIAL" prior to its production. Information produced by a non-party may not be designated confidential by the parties if not so designated by the producing non-party. In the event that a party inadvertently fails to designate any confidential information, the party producing that information may within thirty (30) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated as confidential until further order of the court.

5.     In the case of deposition testimony, counsel for the person being deposed shall, within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). During this 30 day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

6.     Confidential Discovery Materials or Confidential Deposition Testimony shall not be used for any purpose other than the prosecution or defense of this action.

7. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non- parties, the attorney or party disclosing the materials shall advise such persons of the restrictions of this Protective Order and obtain written assurance in the form attached that such person will be bound by its provision. That written assurance will not be available for inspection by the attorneys for the party whose confidential material is produced, provided that the party producing the confidential information may request the Court to review such forms in camera to assure that such forms are duly executed.

8. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Protective Order.

9. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

11. Within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition

Transcripts (including all copies) shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

12. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil Procedure and the applicable case law. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

Dated: June 6, 2014.                           BY THE COURT:

                                               _____
                                               Kathleen M. Tafoya
                                               United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 1:13-cv-02990-MSK-KMT

KHALED ALATTAR,

    Plaintiff,

v.

AARON BELL, CHRISTOPHER BELL,
RACHEL BELL, and WILLIAM BELL,

    Defendants.

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

    I, _____, hereby acknowledge that I have read the Protective Order issued in the above-captioned action and I agree to be bound by its provisions.

Dated: _____

_____