IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02990–MSK–KMT

KHALED ALATTAR,

    Plaintiff,

v.

AARON BELL,
CHRISTOPHER BELL,
RACHEL BELL and
WILLIAM BELL,

    Defendants.

---

# ORDER

---

    This matter is before the court on "Defendants' Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c)(1) Pending Determination of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint." (Doc. No. 34, filed March 12, 2014.) The court also considers Plaintiff's "Motion to Compel Deposition of Defendant Maury Bell."[1] (Doc. No. 33, filed Mar. 12, 2014.) For the following reasons, Defendants' Motion to Stay is DENIED and Plaintiff's Motion to Compel is GRANTED in part.

    As a preliminary matter, the court addresses the parties' failure to abide by the standard briefing schedule for the instant motions. *See* D.C.COLO.LCivR 7.1(d). First, Plaintiff

---

[1] There is not a defendant named "Maury Bell" in this case. Defendants' Response concludes (without any discussion) that Plaintiff seeks to depose Defendant William Bell. The court assumes that Maury must be William Bell's nickname.

unilaterally and improperly concluded that Defendants' Motion to Stay was a Response to his Motion to Compel, even though the Motion to Stay was filed the <u>same day</u> as the Motion to Compel. As such, Plaintiff filed a Reply in Support of his Motion to Compel on March 31, 2014 (Doc. No. 40), despite the fact there is no authority for filing a reply in the absence of a response. *Cf. United States v. Feinberg,* 89 F. 3d 333, 341 (7th Cir. 1996) (reply brief must be limited to addressing arguments raised in the response). Rightfully confused, Defendants filed a Response to the Motion to Compel on March 21, 2014, asserting that their Motion to Stay did not constitute a response to the Motion to Compel. (Doc. No. 48.) Plaintiff then filed a second Reply in support of his Motion to Compel on March 31, 2014. (Doc. No. 50.)

With respect to the Motion to Stay, Plaintiff's Response was included as part of his initial Reply to the Motion to Compel. (*See* Doc. No. 40.) Defendants filed a Reply in Support of their Motion to Stay on March 21, 2014 (Doc. No. 45). However, without any explanation, Defendants included a second Reply as part of their Response to Plaintiff's Motion to Compel. (*See* Doc. No. 48.)

The court would be acting within its discretion to strike the improper filings—namely, Plaintiff's initial Reply in support of the Motion to Compel, and Defendants' second Reply in support of their Motion to Stay. However, the court finds this to be unnecessary as neither brief alters the court's resolution of the pending motions. Nevertheless, the parties are admonished to abide by the briefing procedure and schedule outlined in Local Rule 7.1(d) for all future motions, in the absence of any order to the contrary.

The court turns to the merits of the pending motions. In his Amended Complaint (Doc. No. 13), Plaintiff asserts state law claims for conspiracy, aiding and abetting, and unjust

enrichment against Defendants based on their alleged involvement in an illegal "pump and dump" stock scheme involving their shares in LuxeYard, Inc.  On February 18, 2014, Defendants filed a "Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure."  (Doc. No. 21.)  Defendants argue that Plaintiff lacks standing to proceed with this action because any alleged injury from Defendants' alleged involvement in the pump and dump scheme was incurred by LuxeYard, not Plaintiff.  Defendants also argue that Plaintiff fails to state a claim for relief against Defendants.

Defendants' Motion to Stay seeks to stay discovery until ruling on their Motion to Dismiss.  The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c)(1).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." C*ommodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, a stay of all discovery is generally disfavored in this District. *Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009).

Nevertheless, "a court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have also recognized that a stay of discovery may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs, Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1992) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

The court finds that Plaintiff has a presumptive right to proceed expeditiously with this matter. Contrasted against that right, the court is not persuaded that Defendants would face a

4

significant burden if required to proceed with discovery prior to a ruling on their Motion to Dismiss.  Defendants' Motion to Dismiss does argue that Plaintiff lacks standing to bring his claims because only LuxeYard was harmed by the alleged pump and dump scheme at issue in this case.  And decisions from this district have generally favored a stay when a jurisdictional defense, such as a lack of standing, has been asserted.  *See Wyers Products Group v. Cequent Performance Products, Inc.,* No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (citing *Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011)).  However, LuxeYard has now been permitted to intervene in this action as a Plaintiff.  (*See* Doc. No. 57-58.)  Thus, regardless of whether Defendants is correct that Plaintiff lacks standing, LuxeYard, a party that Defendants concede has standing, is now a party to this action.  Under these circumstances, the court finds that Defendants will face little, if any, burden or prejudice from proceeding with discovery prior to a ruling on the standing issue.

The court also rejects that Defendants would be burdened by proceeding with discovery prior to a determination as to whether Plaintiff's Amended Complaint states a claim for relief.  Although a stay is generally favored when a jurisdictional defense has been asserted, the same cannot be said with respect to a Rule 12(b)(6) defense.  Indeed, granting a stay simply because a defendant moved to dismiss for failure to state a claim "would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss."  *Gomez v. Kroll Factual Data, Inc.,* No. 13-cv-00445-WJM-KMT, 2013 WL 1751376, at *2 (D. Colo. Apr. 23, 2013).  This would not only be contrary to the disfavored status of stays in this District, *see Bustos,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly

unpredictable and, hence, unmanageable, *Sanaah v. Howell,* No. 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

The interests of nonparties and the public interest in general do not prompt the court to reach a different result.  Indeed, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL 980383, at *1.  Accordingly, on balance, the court finds that a stay of discovery is not warranted in this case.

As a final matter, Defendants' primary objections to Plaintiff's Motion to Compel are that (1) discovery should be stayed until ruling on Defendants' Motion to Dismiss, and (2) a protective order should be entered before Mr. Bell's deposition is conducted.  (*See generally* Resp. Mot. Compel.)  As discussed above, the court declines to stay discovery pending ruling on Defendants' Motion to Dismiss.  Further, the court has now entered a Protective Order governing the disclosure of confidential information in discovery.  Accordingly, the court does not see any impediment to conducting Mr. Bell's deposition.

Therefore, for the foregoing reasons it is,

ORDERED that "Defendants' Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c)(1) Pending Determination of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. No. 34) is DENIED and Plaintiff's "Motion to Compel Deposition of Defendant Maury Bell" (Doc. No. 33) is GRANTED in part.  Plaintiff may conduct the

deposition of Defendant William Bell subject to the notice provisions of Fed. R. Civ. P. 30(b)(1) and D.C.COLO.LCivR. 30.1.

Dated this June 5, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge