**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-02990-MSK-KMT

**KHALED ALATTAR,**

 Plaintiff,

v.

**AARON BELL;
CHRISTOPHER BELL;
RACHEL BELL; and
WILLIAM BELL,**

 Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

**THIS MATTER** comes before the Court on the Recommendation (**# 83**) of the Magistrate Judge that the Motion to Dismiss (**# 21**), filed by Defendants Aaron Bell, Christopher Bell, Rachel Bell, and William Bell, be granted and that the Motion for Leave to File a Second Amended Complaint (**# 39**), filed by Plaintiff Khaled Alattar, be denied. Mr. Alattar objected (**# 86**) to the Recommendation and the Bells responded (**# 87**).

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.1996).

## I. Jurisdiction

Issues presented in the Bells' motion to dismiss concern whether the Court has subject matter jurisdiction over this case. The Court may exercise jurisdiction over this matter to determine its own jurisdiction. *See Dennis Garberg & Assocs, Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

## II. Factual Background

The following facts relevant to the motion to dismiss are derived from allegations in the Amended Complaint (**# 13**).

Mr. Alattar co-founded an online luxury goods retailer, LY Retail LLC ("LY Retail"). In an effort to acquire additional capital for the company, Mr. Alattar's partner approached Frederick Huttner. Huttner and Kevan Casey proposed raising capital through a reverse merger, a transaction in which a publicly-traded corporation, typically a shell corporation, acquires a privately-held corporation, thereby allowing the private corporation to transform into a publicly-traded corporation without making an initial stock offering. *See, e.g.*, *S.E.C. v. M & A W., Inc.*, 538 F.3d 1043, 1046-47 (9th Cir. 2008). The reverse merger was executed in November 2011. The public entity's name was changed to Luxeyard, Inc. Shortly after the reverse merger, Mr. Huttner, Mr. Casey, and others aggressively marketed Luxeyard's stock.

After the reverse merger, Mr. Huttner gave 151,500 shares of Luxeyard stock to his stepchildren, the Defendants in this case. The stock price rose to more than $2.00 per share, at which point Mr. Huttner and the Defendants, allegedly acting in conspiracy with Mr. Huttner, sold their stock. Thereafter Luxeyard's stock price fell to $0.10 per share.

The Plaintiff characterizes this as a "pump and dump" scheme.[1] Mr. Huttner allegedly intended to engage in a pump and dump scheme at the time he induced Mr. Alattar to agree to the reverse merger, but he did not tell Mr. Alattar.

Mr. Alattar sued Mr. Huttner, Mr. Casey, and others in a separate lawsuit in Texas.

### III.    Procedural Background

Mr. Alattar filed an Amended Complaint (# 13), and Defendants moved to dismiss it (# 21). Mr. Alattar responded (#46 and 47) and Defendants replied (# 51). Mr. Alattar moved for leave to file a proposed Second Amended Complaint (# 39) to add a claim alleging that the Defendants acted as agents of Mr. Huttner. The Magistrate Judge, applying Colorado law, recommended that the motion to dismiss be granted and that the motion to amend be denied. The Magistrate Judge found that Mr. Alattar lacked standing as an individual shareholder to assert claims based on the "pump and dump" theory. The Magistrate Judge also found that the proposed Second Amended Complaint would not remedy the jurisdictional defect. Mr. Alattar objected to both recommendations.

### IV.    Motion to Dismiss

The Magistrate Judge understood the Amended Complaint to assert state law conspiracy, aiding and abetting, and unjust enrichment claims against Defendants for their role in the pump and dump scheme. As to these, she found that only Luxeyard, Inc. had standing to sue. Mr. Alattar does not appear to disagree with conclusion, although he contends that the Magistrate Judge should have applied Texas rather than Colorado law.

---

[1]    The United States Court of Appeals for the Tenth Circuit has described a "pump and dump" scheme as the artificial manipulation of the price and volume of a particular stock in order to later sell that stock at an artificially inflated price. *United States v. Clark*, 717 F.3d 790, 796 (10th Cir. 2013).

It makes no difference what state's law is applied. Under both Texas and Colorado law, a corporate stockholder cannot individually recover damages for a wrong done to the corporation, even if the stockholder is injured by depreciation of the value of the corporate stock. *See Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1200 (10th Cir. 2004); *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990); *Nicholson v. Ash*, 800 P.2d 1352, 1357 (Colo. Ct. App. 1990). In so far as this action seeks relief for injury to Luxeyard, Inc., through the pump and dump scheme, Mr. Alattar has no standing to proceed.

However, under both Texas and Colorado law, a shareholder retains the right to recover when a wrongdoer violates a duty owed directly to the stockholder. *Wingate*, 795 S.W.2d at 719; *Nicholson*, 800 P.2d at 1357. Thus, the question is whether the Amended Complaint states a claim against these Defendants (Mr. Huttner's stepchildren) based on breach of some duty that they owed to Mr. Alattar, independent of their receipt and sale of Luxeyard, Inc. stock. Mr. Alattar contends that his claims against these Defendants arise from their conduct before their acquisition of stock in Luxeyard Inc. and from their conduct with regard to the defendants in the Texas lawsuit.

Turning to the Amended Complaint, the Court accepts the well-pled factual allegations as true. *Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). However, it deems threadbare recitals of the elements of a cause of action, supported by simple conclusory statements, to be insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Mr. Alattar admits that the Amended Complaint contains no allegations that the Defendants had knowledge "of the conspiracy to defraud Alattar individually by inducing him to part with his interest in LY Retail as part of the reverse merger." Indeed, the allegations of the

4

Amended Complaint connect the Defendants to pre-merger activities and the Texas action only through conclusory assertions that they "had a meeting of the minds to defraud Alattar and breach fiduciary duties owed to Alattar," ¶ 48, and that the Defendants and the Texas defendants "knowingly aided and abetted each other and others unnamed in committing the torts enumerated above," ¶ 52. Such statements are too conclusory and vague to identify any duty that the Defendants owed to Mr. Alattar, conduct by the Defendants that violated that duty, or that such conduct caused individual injury to Mr. Alattar. *See Iqbal*, 556 U.S. at 678.

Thus, the Court agrees with the Magistrate Judge's recommendation that the Amended Complaint be dismissed because it alleges activity by the Defendants in the context of their sale of stock the pump and dump scheme, as to which Mr. Alattar lacks standing to seek relief. *See Combs*, 382 F.3d at 1200; *Wingate*, 795 S.W.2d at 719; *Nicholson*, 800 P.2d at 1357.

### V.   Motion for Leave to Amend

Mr. Alattar seeks leave to further amend the Amended Complaint. The Court again agrees with the Recommendation.

Although leave to amend is usually freely granted, there is no purpose to amendment if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). That is the case, here. Mr. Alattar's proposed Second Amended Complaint alleges that the Defendants were agents of Mr. Huttner. As agents they were to receive and sell stock as part of the pump and dump scheme. Such allegations do not demonstrate an independent duty owed to Mr. Alattar. Instead, standing required to proceed on this claim is the same as for others pertaining to the pump and dump scheme. Because the amendment does not add a claim that Mr. Alattar would have standing to assert, the amendment is futile. Accordingly, the Court denies leave to amend.

**IT IS THEREFORE ORDERED** that the Recommendation (**# 83**) is **ADOPTED**, the Defendant's Motion to Dismiss (**# 21**) is **GRANTED**. The case is dismissed without prejudice. Plaintiff's Motion for Leave to File a Second Amended Complaint (**# 39**) is **DENIED**. The Clerk shall enter judgment in accordance with this order and close the case.

Dated this 29th day of September, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge